UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL CULLOM, ) | Case No. C07-1129-TSZ-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| THE BOEING COMPANY, ) | |
| Defendant. ) | |

The present matter comes before the Court *sua sponte*. Plaintiff, appearing *pro se*, recently filed an application to proceed *in forma pauperis* ("IFP") and a proposed 42 U.S.C. § 1983 complaint against The Boeing Company. Dkt. No. 1-1. On August 6, 2007, this Court determined that plaintiff's IFP application contained certain deficiencies, which it ordered plaintiff to correct before his case could proceed. Dkt. No. 3. Plaintiff replied to that Order, but failed to correct the deficiencies outlined by the Court. Dkt. No. 5. The plaintiff's § 1983 complaint, his IFP application, and the complete record in this case are now before the Court.

Plaintiff's complaint asserts, without more, the following facts: that he "believe[s] that the defendant has conspired and discriminated against [him] in violation of [his] civil rights under 42 U.S.C. [§] 1983," that "[t]he facts are complicated and extensive," and that the defendant "has conspired against [him] in connection with a fraudulent case filed on 27 FEB

REPORT AND RECOMMENDATION
PAGE – 1

01  2006" in King County Superior Court. Dkt. No. 1-1, at 3.[1]  This conduct, according to the

02  plaintiff, has caused him to "suffer much emotional pain and mental anger, or anguish[,]" and is

03  tantamount to "fraud, waste, and abuse as to me."  Dkt. No. 1-1, at 3.  Damages are measured

04  at $22,000,000.  Dkt. No. 1-1, at 3.

05      Plaintiff's most recent letter to the Court attempts to add a claim for relief against

06  President Bush for not "faithfully execut[ing] his office as commander in chief," for which

07  plaintiff requests $400,000 in money damages, one half of that amount to be used to endow a

08  memorial scholarship at Howard University School of Law in honor of the late Justice

09  Thurgood Marshall.  Dkt. No. 5 at 1.

10      Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed

11  IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief

12  can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616

13  (9th Cir. 1990).  An action is frivolous if "it lacks an arguable basis either in law or in fact."

14  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

15      Here, plaintiff fails to allege sufficient facts to place the defendant on notice of the

16  nature of his claims or otherwise provide any basis for jurisdiction in this Court.  *See* Fed. R.

17  Civ. P. 8(a).  Because this action appears frivolous and fails to state a claim upon which relief

18  can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of

19  Civil Procedure 12(b)(6).

20      The Court advises plaintiff of his responsibility to research the facts and law before

21  filing a complaint in order to determine whether his claim for relief is frivolous.  If plaintiff files

22  a frivolous action, he may be sanctioned.  *See* Fed. R. Civ. P. 11.  The Court would likely

23  impose a sanction of dismissal on any frivolous complaint.  If plaintiff files numerous frivolous

24

25  [1] This alleged fradulent state court case has served as the basis for one of plaintiff's previous
26  proposed complaints which was ultimately dismissed on grounds identical to that recommended by the Court today.  *See Cullom et al. v. Gates et al.*, C07-61-JCC, Dkt. No. 10.

REPORT AND RECOMMENDATION
PAGE – 2

or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).[2]

Because of the extreme deficiencies in plaintiff's proposed § 1983 complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to their complaint, he should lodge an amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 22nd day of August, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[2] The Court notes that plaintiff is a prolific litigator who has filed no less than five lawsuits in the past six months against various state entities, private citizens, and governmental officers in this district. *See, e.g.*, *Cullom et al. v. Gates et al.*, C07-61-JCC; *Cullom v. Doe et al.*, C06-957-JCC; *Cullom v. Gates et al.*, C06-1564-RSM; *Cullom v. Gates et al.*, C06-1573-MJP; *Cullom v. City of Kent et al.*, C06-1655-JLR. While the present case is not plaintiff's first attempt to file a frivolous lawsuit, it appears to be the first proposed complaint against The Boeing Company.